IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARGARET M. JOHNSON, INDIVIDUALLY
AND ON BEHALF OF ALL HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF LANEKIA BROWN, DECEASED AND THE
ESTATE OF LANEKIA BROWN                                                      PLAINTIFFS

v.                                                               Civil Action No.: 3:21-cv-335-DPJ-FKB

MADISON COUNTY, SHERIFF RANDY TUCKER,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
MISSISSIPPI CORRECTIONAL SERVICES, LLC,
NURSE MANAGER "JANE" JOINER, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, NURSE S. CAMPER,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,
AND OFFICERS AND JAIL EMPLOYEES JOHN DOES
1-10, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES
REPRESENTING PRISON GUARDS OF MADISON
COUNTY DETENTION CENTER AND/OR OTHER
EMPLOYEES, INCLUDING SUPERVISORY
OFFICIALS WHOSE IDENTITIES ARE CURRENTLY
UNKNOWN,                                                                       DEFENDANTS

**AMENDED COMPLAINT**
(Jury Trial Demanded)

COME NOW, Plaintiffs Margaret M. Johnson, Individually and On Behalf of All Heirs-At-Law and Wrongful Death Beneficiaries of Lanekia Brown and The Estate of Lanekia Brown, by counsel, and file this their *Amended Complaint* against Madison County, Sheriff Randy Tucker, in his individual and official capacities, Mississippi Correctional Services, LLC, Nurse Manager "Jane" Joiner, in her individual and official capacities, Nurse S. Camper, in her individual and official capacities and Officers and Jail Employees John Does 1-10, in their individual and official capacities, to recover actual and punitive damages (against the individually-named Defendants) for the Defendants' acting in concert and conspiracy to violate Ms. Brown's Fifth (5th) and Fourteenth (14th) Amendment rights to be free from cruel and

unusual punishment and her right to receive health care while being detained pretrial. This suit alleges violations of 42 U.S.C. §1983, Monell, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from county law enforcement and private actors acting in concert and under the color of law that evinces reckless disregard for Ms. Brown's rights and privileges under the Constitution of the United States and under State Law made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

## PARTIES

1. Plaintiff Margaret M. Johnson is an adult resident of Grenada County, residing at 45 East Pecan Street, Grenada, MS 38901. She brings suit on behalf of Lanekia Brown, deceased for the intentional/negligent actions that caused her death.

2. Defendant Madison County ("Madison Co.") is a governmental entity that may be served with process upon Ronny Lott, Chancery Clerk, located at 146 W Center Street, Canton, MS 39046. As part of its function, Madison County operates Madison County Detention Center and Madison County Sheriff's Department. In this capacity, its employees who were involved in the incident at issue are named in the Complaint.

3. Defendant Sheriff Randy Tucker ("Sheriff Tucker") is an adult resident citizen of Madison County, employed by Madison County, and he may be served with process at his place of employment, Madison County Sheriff's Department, located at 2935 Highway 51, Canton, MS 39046.

4. Defendant Mississippi Correctional Services, LLC ("MCS") is a domestic corporation qualified to do business in the State of Mississippi, and it may be served via its registered agent, Paul M. Millette, located at 219 Waterford Square, Suite 1, Madison, MS 39110.

5. Defendant Nurse Manager "Jane" Joiner ("Nurse Mgr. Joiner") is an adult resident citizen of the State of Mississippi, employed by MCS, and she may be served with process at her place of employment, Madison County Detention Center, located at 2941 U.S. Highway 51, Canton, MS 39046.

6. Defendant Nurse S. Camper ("Nurse Camper") is an adult resident citizen of the State of Mississippi, employed by MCS, and she may be served with process at her place of employment, Madison County Detention Center, located at 2941 U.S. Highway 51, Canton, MS 39046.

7. Defendant Jail Employees John Does 1-10 ("Does") are adult resident citizens of Madison County, employed by Madison County, and they may be served with process at their place of employment, Madison County Sheriff's Department, located at 2935 U.S. Highway 51, Canton, MS 39046.

## JURISDICTION and VENUE

8. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Decedent's protected rights under the U.S. Constitution particularly the 5th and 14th Amendments and 42 U.S.C. §1983, §1988 and Monell. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

9. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district.

The matter in controversy exclusive of interests and costs exceed $100,000.00 (One Hundred Thousand Dollars).

## STATEMENT

10. Decedent Lanekia Brown was arrested for possession of marijuana on November 26, 2018 by Madison County Sheriff's Department. While Decedent was in Madison County's custody, she requested medical assistance multiple times for severe abdominal pain. Instead of receiving proper care, Ms. Brown was not administered timely or proper medical assistance. Despite having knowledge of Ms. Brown's complaints of pain, and pursuant to long standing custom, policy and/or practice, not one single jail guard or official attempted to intercede or obtain immediate medical assistance for Ms. Brown. And when she was finally brought to MCS' onsite medical office, defendant's Nurse Joiner and Nurse Camper acted as part of a conspiracy and in concert with the Madison County Detention Center guards and or supervisors to violate her rights by failing to treat her and denying her prompt medical attention.  As a result of Defendants' intentional failure to provide prompt and/or proper medical attention to Ms. Lanekia Brown, she expired on December 23rd, 2018, due to an abdominal hemorrhage caused by an ectopic pregnancy. Her death could have been avoided but for the deliberate indifference to Ms. Brown's Due Process rights and the unconscionable actions and omissions, the defendants violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

11. The actions involved in this case are the result of the practices, policies and/or customs of Defendant Madison County's Detention Center employees including the Sheriff, Jailers,

other supervisory officials, and/or other employees in the operation of the jail all of whom acted in concert and conspired with MCS, Nurse Joiner and Nurse Camper.

12. The actions also involved in this case are the result of the negligent, training and supervision of Defendants MCS' employees including the Nurse Mgr. Joiner, Nurse Camper, other supervisory officials, and/or other employees employed to provide medical assistance to individuals within the Madison County Detention Center.

13. This is a claim for Federal law violations, State law negligence, intentional torts and wrongful death filed by Plaintiffs. These violations caused pain and suffering and ultimately the death of Lanekia Brown on December 23rd, 2018. Ms. Brown was thirty-seven (37) years old when she died.

14. Decedent was not made safe by employees of Madison County Detention Center while in their custody or the Mississippi Correctional Services while under their medical care and supervision. Rather, Defendants Sheriff Tucker, Nurse Mgr. Joiner, and Nurse Camper conspired together to breach their duty to monitor, care for, and provide necessary medical attention to Lanekia Brown. By doing so, Defendants were deliberately indifferent to Lanekia Brown's constitutional rights, physical welfare and ultimately her life.

15. Specifically, after being arrested on November 26, 2018, Ms. Brown was placed into the custody of the Madison County Detention Center.  She had increasing amounts of abdominal pain from an undetected ectopic pregnancy. When Ms. Brown complained of abdominal pain, as a 37 year old woman, she presented with a classic case of an ectopic pregnancy.  Instead of trying to diagnose or treat Ms. Brown for the pain, which would have required the services of a Doctor who would have made a differential diagnosis that

included ectopic pregnancy and abdominal bleeding and/or hemorrhage, the defendants placed Ms. Brown into a medical holding cell where she died.  By not getting Ms. Brown into a hospital or other medical facility that had the capacity to do diagnostic testing including pregnancy, sonogram, ultrasound or other standard diagnostic test equipment, Defendants were deliberately indifferent to Ms. Brown's complaints of pain and cries for help until she died in violation of her constitutional rights under the Due Process Clause as a pretrial detainee.

16. Ms. Brown was intentionally ignored and not given necessary medical care by Defendant County employees, MCS' employees including its supervisors, Nurse Mgr. Joiner, and Nurse Camper, after her multiple complaints of abdominal pains and vomiting. Instead of sending her to a medical facility, she was left in a holding cell that had no medical equipment or trained medical personal to diagnose and treat the cause of Ms. Brown's symptoms which turned out to be pain, abdominal bleeding and an ectopic pregnancy. By leaving her in an unattended holding cell and allowing her to die without emergent care, all of the named defendants acted with deliberate indifference to Ms. Brown's constitutional rights.

17. Ms. Brown requested medical attention multiple times for abdominal pain and on each occasions, she was never seen by a Doctor nor had any testing done to determine the cause of her abdominal pain and vomiting.  This failure to diagnose and treat her condition was done as part of a custom, policy and/or practice of the County and implemented by the County employees and its private Contractor MCS, Nurse Mgr. Joiner and Nurse Camper.

18. Ms. Brown was never transported to an outside clinic or hospital for treatment and/or observation nor was a Doctor summoned to the Detention Center to evaluate her

19. No jail official, guard, employee or other County officer or MCS, Nurse Joiner, or Nurse Camper attempted to offer medical assistance to Ms. Lanekia Brown despite her numerous complaints of tremendous abdominal pain and vomiting that she was experiencing, and the obvious life threatening condition she was facing. In this fashion, each of the named Defendants followed the long established policy, procedure and/or rule which were to disbelieve the health related complaints of inmates, ignore their claims of pain and refuse to let them go to a medical facility outside of the detention center unless it was related to an obviously serious injury traumatically induced. Since Ms. Brown did not appear to have any trauma to her, she was left to die in a holding cell.

20. Ms. Brown was discovered dead in this holding cell on December 23rd, 2018.

21. At all relevant times, each of the named Defendants were on duty at the Madison County Detention Center or were supervisors of those on Duty.

22. At all relevant times, Defendant Sheriff Tucker was the commanding officer throughout the entire incident and responsible for the actions and/or omissions of the detention center officers/jailers. He was also responsible for insuring that Ms. Brown was kept safe. Sheriff Tucker failed to keep Lanekia Brown safe from harm caused by the acts and omissions of those under his command.

23. At all relevant times, Defendant MCS was the private contracted medical provider for Madison County Detention Center during the entire incident and responsible for hiring competent staff and implementing proper medical procedures and policies that would allow for the proper treatment of inmates and detainees at the Madison County Detention

Center.  MCS was also entrusted with the duty to supervise the actions and/or omissions of the aforementioned Nurse Mgr. Joiner and Nurse Camper. He was also responsible for insuring that Ms. Brown received proper medical assistance while in their care. MCS failed to properly treat and care for Ms. Brown in her condition and thereby allowed for her ectopic pregnancy to go undiagnosed, untreated and ultimately led to her death.

24. The individually named defendant nurses, both Nurse Manager Joiner and Nurse Camper were deliberately indifferent to the rights of Ms. Brown to receive appropriate medical care and in this fashion conspired with and acted in concert with Madison County officials and policy, practice or custom by refusing to order her into a medical facility that would have allowed for her to be seen by a doctor, properly diagnosed with appropriate diagnostic machines and/or tests nor did they consult with a Doctor as to what they should do to ensure Ms. Brown was treated appropriately.

25. The resulting injuries and wrongful death sustained by Decedent Brown were caused solely by the Defendants, in violation of Decedent Brown's Civil and Constitutional rights, Mississippi State law (Wrongful Death) and without any cause, provocation, or negligence on the part of Decedent Brown contributing thereto.

**FIRST CAUSE OF ACTION**
**(Violation of Due Process and Cruel and Unusual Punishment and Conspiracy under 42 U.S.C. §1983)**

26. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Defendants Sheriff Randy Tucker and "John Does" acting in concert and in a conspiracy with MCS, Nurse Mgr. Joiner and Nurse Camper, deliberately ignored Ms. Brown's requests for medical assistance violated her due process rights and exerted cruel and

unusual punishment by allowing her to suffer in excruciating pain without providing medical assistance for Ms. Brown, who was vomiting and complaining of abdominal pains. These acts were unconstitutional in violation of Ms. Brown's 5th and 14th Amendment Rights. Ms. Brown was in a pre-trial status as a prisoner and this treatment was a violation of her due process rights to be free from cruel and unusual punishment.

28. As a result, Ms. Brown suffered serious injuries, horrible pain and suffering, fear of impending death, loss of enjoyment of life and ultimately a wrongful death.

## SECOND CAUSE OF ACTION
(Monell under 42 U.S.C. §1983)

29. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. At all relevant times, Defendant Madison County and Defendant Sheriff Tucker maintained a custom, practice and/or policy of delaying and/or denying medical care to prisoners who didn't appear to be experiencing any traumatically caused serious medical injury. This long standing custom, practice and/or policy of failing to provide appropriate medical care to inmates and detainees of the Detention Center who complained of pain without obvious signs of injury exhibited deliberate indifference to the rights of individuals like Ms. Brown who complained of serious pain and did not receive appropriate care. Instead of simply seeking medical assistance for Ms. Brown, Madison County jailers used cruel and unusual punishment against by ignoring prisoners similar to Lanekia Brown and denying them access to medical facilities and proper equipment for the diagnosis and treatment of the complained of condition

31. This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals like Plaintiffs' Ms. Brown herein and allowed for the individually-named Defendants to deprive Ms. Brown of her rights under both Federal and State law.

32. Upon information and belief, the Madison County Detention Center personnel including "John Does" as well as MCS, Nurse Mgr. Joiner and Nurse Camper failed to provide appropriate medical care for Decedent were improperly trained, supervised and retained in violation of the standards set out by the <u>Monell</u> doctrine. Furthermore, these Defendants responsible for ignoring Ms. Brown's injuries were also improperly retained.

33. As a result of the Defendants' deliberate indifference to its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Decedent was caused to suffer grave injuries that led to her death, without fault or contribution by the Decedent.

### THIRD CAUSE OF ACTION
**(Negligent Training, Supervision and Retention as to Defendants Madison County and Sheriff Tucker)**

34. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. At all relevant times, Defendant Madison County and Defendant Tucker had a duty to screen applicants for hire to its Detention Center, retention to its Detention Center or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

36. At all relevant times, it was the duty of Defendant Madison County and Defendant Tucker to sufficiently hire, train and retain personnel within the Detention Center and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, prison guards, jail/detention center employees and/or personnel.

37. Upon information and belief, the "John Doe" Madison County Detention Center personnel that ignored Decedent's many requests for medical assistance were improperly trained, supervised and retained by Defendant Madison County and Tucker.

38. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant jailers, officers, sergeants and Detention Center personnel, the Decedent was caused to suffer grave injuries that led to her death, without fault or contribution by the Decedent.

### FOURTH CAUSE OF ACTION
**(Negligent Training, Supervision and Retention as to Defendants MCS)**

39. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. At all relevant times, Defendant MCS had a duty to screen applicants for hire to its MCS, retention to its MCS or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace or hazard and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

41. At all relevant times, it was the duty of Defendants MCS to sufficiently hire, train and retain personnel within the MCS and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the

duties, behavior and activities of their servants, agents, nurses, MCS employees and/or personnel.

42. Upon information and belief, Nurse Mgr. Joiner and Nurse Camper who failed to seek assistance from a physician for Ms. Brown's medical condition were improperly trained, supervised and retained by Defendants MCS. Furthermore, these individually-named Defendants responsible for Ms. Brown's injuries were improperly trained. Said individually-named Defendants took actions to deprive Ms. Brown of her rights to medical care despite repeated requests by Ms. Brown for same.

43. As a result of the Defendants' negligence in its training, supervisory and retention of the Defendant nurses, the Decedent was caused to suffer grave injuries that led to her death, without fault or contribution by the Decedent.

## FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

44. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Upon information and belief, among the individually-named Defendants were supervisors, like Defendant Sheriff Tucker who was assigned to supervise and control the actions of the Madison County Detention Center Jailers and Nurses of Defendant MCS.

46. These Defendants violated their supervisory duties by failing to monitor, care for those in their custody like the Decedent, participating in and/or ordering the delay/denial of medical care towards Ms. Brown, without justification, constituting punishment that is cruel and unusual.

## SIXTH CAUSE OF ACTION
### (Wrongful Death under Mississippi State Law)

47. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. The Defendants' wrongful acts of delaying and denying proper medical care to Decedent and the failure to treat the Decedent in accord with the standard of care for similarly situated health care providers, caused the wrongful death of Ms. Brown.

49. As a result of the foregoing, the Defendants are liable for the injuries, pecuniary losses, loss of enjoyment of life, conscious pain and suffering, companionship, loss of love, loss of society and nay and all other losses suffered by Ms. Brown including her wrongful death. Those pecuniary losses include without limitation financial support of her family, funeral expenses and any other pre-death costs associated with in incarceration.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for the judgment against all Defendants, including compensatory damages, punitive damages against the individually-named Defendants, any and all damages allowed by State and Federal law including attorney's fees under 42 U.S.C. §1988, pre-judgment interest, post-judgment interest, attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court.

This, the 25th day of May, 2021.

                                          **MARGARET M. JOHNSON, et al., Plaintiffs**

                     **By:**   */s/ Carlos E. Moore*
                              **Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – MISSISSIPPI DELTA**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com