IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARGARET M. JOHNSON, INDIVIDUALLY
AND ON BEHALF OF ALL HEIRS-AT-LAW
AND WRONGFUL DEATH BENEFICIARIES
OF LANEIKA BROWN, DECEASED AND THE
ESTATE OF LANEKIA BROWN                                                           PLAINTIFFS

v.                                                           CASE NO.: 3:21-cv-335-DPJ-FKB

MADISON COUNTY, ET AL.                                                           DEFENDANTS

## MOTION FOR SUMMARY BY DEFENDANT, SHERIFF RANDALL TUCKER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

The defendant, Sheriff Randy Tucker, in his individual and official capacities, moves this Court pursuant to *Fed. R. Civ. P.* 56(c) to grant summary judgment in his favor in this matter based on the following:

1. The plaintiffs have sued Sheriff Tucker in his individual and official capacities under 42 U.S.C. § 1983 for violating the Fifth[1] and Fourteenth Amendment rights of Lanekia Brown, who died while a detainee at the Madison County Detention Center ("MCDC") on December 23, 2018. They have also included supplemental jurisdiction claims against Sheriff Tucker pursuant to 28 U.S.C. § 1367 for negligence under the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1, *et seq*. ("MTCA"), and for intentional torts under Mississippi's common law. [Dkt. # 3].

2. Sheriff Tucker enjoys qualified immunity to the plaintiffs' Fourteenth Amendment claims against him in his individual capacity under 42 U.S.C. § 1983.

---

[1] There are no allegations that any of the defendants acted pursuant to federal law. As a result, the plaintiffs have no Fifth Amendment claims in this matter, and their claim should be dismissed.

3. Because Sheriff Tucker enjoys qualified immunity to the plaintiffs § 1983 claims, their § 1983 conspiracy claims against him should also be dismissed with prejudice.

4. The plaintiffs' § 1983 claims against Sheriff Tucker in his official capacity should be dismissed because they are duplicative to their claims against Madison County, Mississippi, which is also a defendant in this matter.

5. The plaintiffs' state law claims against Sheriff Tucker under the MCTA should be dismissed with prejudice under the provisions of *Miss. Code Ann.* § 11-46-9(1)(m) because Ms. Brown was a detainee in the MCDC at the time these claims arose.

6. The plaintiffs' intentional tort claims against Sheriff Tucker under Mississippi common law should be dismissed with prejudice because they are time-barred by the one-year statute of limitations of *Miss. Code. Ann.* § 15-1-35. Any alleged acts by Sheriff Tucker occurred on or before December 23, 2018, and the plaintiffs did not file suit until May 14, 2021.

7. Sheriff Tucker submits that Exhibit 1 attached to his Motion for Summary Judgment, which is a Declaration signed by him with attached exhibits, supports his Motion.

WHEREFORE, PREMISES CONSIDERED, Sheriff Tucker moves this Court to grant summary judgment in his favor on both the plaintiffs' official capacity and individual capacity claims against him under the provisions of Rule 56(c).

This the 18th day of February 2022.

Respectfully submitted,

**SHERIFF RANDY TUCKER, in His Individual and Official Capacities**

By: */s/ Rebecca B. Cowan*
      Rebecca B. Cowan (MSB #7735)

OF COUNSEL:

Currie Johnson & Myers, P.A.
1044 River Oaks Drive (39232)
Mailing: P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Facsimile: (601) 969-5120
bcowan@curriejohnson.com