UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARGARET M. JOHNSON, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF LANEKIA BROWN, DECEASED, AND THE ESTATE OF LANEKIA BROWN — PLAINTIFFS

V. — CIVIL ACTION NO. 3:21-CV-335-DPJ-FKB

MADISON COUNTY; ET AL. — DEFENDANTS

ORDER

Lanekia Brown died at the Madison County Detention Center following her arrest. Plaintiff Margaret M. Johnson, individually and on behalf of all wrongful-death beneficiaries and the Estate of Lanekia Brown, filed this suit contending that those charged with Brown's care failed to make any meaningful response to her medical complaints. This Order addresses four pending motions: Mississippi Correctional Services' motion for judgment on the pleadings [32]; Nurse Savannah Camper's motion for judgment on the pleadings [34]; Sheriff Randy Tucker's summary-judgment motion [38]; and Plaintiffs' motion to amend their Amended Complaint to substitute Nurse Manager Mary Lee Joiner for Nurse "Jane" Joiner [26]. The dispositive motions are granted in part, and the motion to substitute is denied without prejudice.

I. Facts Alleged in the Complaint

On November 26, 2018, Brown was arrested by the Madison County Sheriff's Department and detained in the Madison County Detention Center. Am. Compl. [3] ¶ 10. At some point, Brown began complaining of severe and worsening abdominal pain; she also started vomiting. *Id.* ¶¶ 10, 15. Despite her "numerous complaints," no person associated with Madison County or its medical-care contractor, Mississippi Correctional Services (MCS), attempted to assist Brown. *Id.* ¶ 19. "[S]he was never seen by a [d]octor nor had any testing done to

determine the cause" of her symptoms. *Id.* ¶ 17. Instead, she was placed in "a holding cell that had no medical equipment or trained medical person[ne]l." *Id.* ¶ 16. Brown was later found dead in that cell on December 23, 2018, having died of an abdominal hemorrhage caused by an ectopic pregnancy. *Id.* ¶ 20; *see id.* ¶ 10. The Court has federal-question jurisdiction over Plaintiffs' constitutional claims and supplemental jurisdiction over the state-law claims.

II. Motions for Judgment on the Pleadings by MCS and Camper

MCS provided medical services for the detention center, and Camper was one of its nurses. These Defendants say Plaintiffs' state-law claims are time barred and their § 1983 claim is not plausibly pleaded. Both seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

A. Rule 12(c) Standard

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). "[T]he standard for *dismissal* under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (emphasis added) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To avoid dismissal, a plaintiff must have pleaded "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 439 (quoting *Iqbal*, 556 U.S. at 678).

For this inquiry, "court[s] accept[] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). The standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Court's review under Rule 12(c) is restricted to the pleadings—the complaint; the answer; and, if ordered, a reply to the answer. *Bosarge*, 796 F.3d at 440 (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). But the Court may also consider exhibits "if they are referred to in the . . . complaint *and* are central to [one of the] claim[s]." *Id.* (emphasis added) (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)); *cf. Walch v. Adjutant Gen.'s Dep't. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008) (considering "only two" of several documents a plaintiff attached to a Rule 12(b)(6) response, as "both were sufficiently referenced in the complaint to permit their consideration").

Here, Plaintiffs' response to MCS's and Camper's Rule 12(c) motions introduced and relied on documents that were not referenced in their Complaint. *See* Pre-Suit Notice [45-2]; Autopsy Report [45-3]; Pls.' Opp'n Mem. [46] at 2 (citing Record Excerpts [28-2]). Accordingly, they fall outside the pleadings and may not be considered unless the Court utilizes

Rule 12(d), which states: "If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ."

"Rule 12(d) gives a district court 'complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion.'" *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1969)). Here, MCS says it has no objection to that approach. MCS's Reply [48] at 4. But the parties' briefs chiefly dispute whether Plaintiffs pleaded plausible claims, not whether record evidence supports their allegations. Given the early procedural posture of this case, the Court declines to apply the Rule 56 standard. As such, the exhibits are excluded.

B. State-Law Claims

The Amended Complaint includes two state-law counts against MCS and one against Camper. Count IV asserts a claim against MCS for negligent training, supervision, and retention. MCS made no arguments specific to Count IV in its opening memorandum, so this Order focuses on Count VI.[1] Count VI asserts a claim for "Wrongful Death under Mississippi State Law" against both MCS and Camper. Both Defendants say Count VI is time barred, and Camper claims that she never received pre-suit notice of Plaintiffs' intent to sue her.

"If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12[(c)] is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227

[1] "Generally, . . . the district courts of this circuit will [not] 'review arguments raised for the first time in [a] reply brief.'" *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235–36 (5th Cir. 2020) (per curiam) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989)). Here, the Court would desire response from Plaintiffs on MCS's rebuttal arguments related to Count IV.

(5th Cir. 2008) (per curiam) (citing *Kansa Reins. Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, Defendants Camper and MCS assert that their statute-of-limitations defenses warrant Count VI's dismissal.

As noted, Count VI asserts a claim for wrongful death under Mississippi's Wrongful Death Statute. *See* Miss. Code Ann. § 11-7-13. That statute is "subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death." *Caves v. Yarbrough*, 991 So. 3d 142, 148 (Miss. 2008) (quoting *Jenkins v. Pensacola Health Tr.*, 933 So. 2d 923, 926 (Miss. 2006)); *accord Empire Abrasive Equip. Corp. v. Morgan*, 87 So. 3d 455, 461–62 (Miss. 2012) (en banc). So, the first step is to identify the underlying cause of action that supports the wrongful-death claim in Count VI.

Count VI states, in relevant part: "The Defendants' wrongful acts of delaying and denying proper medical care to Decedent and the failure to treat the Decedent in accord with the standard of care for similarly situated health care providers[] caused the wrongful death of Ms. Brown." Am. Compl. [3] ¶ 48. Defendants say this triggers a two-year statute of limitations under Mississippi Code section 15-1-36(2), which provides:

> [N]o claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, and, except as described in paragraphs (a) and (b) of this subsection, in no event more than seven (7) years after the alleged act, omission or neglect occurred . . . .

Camper, a nurse, is clearly among the listed class of defendants. And because, as to Count VI, MCS's liability is wholly derivative of Camper's (that is, "the sole basis for liability is the fact that [MCS] was [Camper's] employer"), MCS is also eligible for the statute's protection, if it applies. *Lowery v. Statewide Healthcare Serv., Inc.*, 585 So. 2d 778, 780 (Miss. 1991) (en

banc). Finally, Camper says she was denied pre-suit notice under section 15-1-36(15), which states: "No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action."

Plaintiffs insist, however, that section 15-1-36(2) is inapplicable to Count VI because it is a claim for "wrongful death due to . . . deliberate indifference," not medical malpractice. Pls.' Opp'n Mem. [46] at 5. As such, they believe no notice was required for Camper and Mississippi's residual three-year limitations statute applies to both Defendants. *Id.* (citing Miss. Code Ann. § 15-1-49). There are at least three problems with this argument.

First, Count VI never mentions deliberate indifference. It states that "Defendants' wrongful acts of delaying and denying proper medical care to Decedent and the failure to treat the Decedent in accord with the standard of care for similarly situated health care providers, caused the wrongful death of Ms. Brown." Am. Compl. [3] ¶ 48. The reference to the standard of care speaks directly to the elements of a medical-malpractice claim for which section 15-1-36(2) would apply. *See McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 578 (Miss. 2011) (en banc) (explaining that medical-malpractice plaintiffs must show "defendant failed to conform to" the "standard of care" (quoting *Delta Reg'l Med. Ctr. v. Venton*, 964 So. 2d 500, 504 (Miss. 2007))).

Second, section 15-1-36(2) is not constrained to malpractice actions; rather, it addresses any actions based on "act[s], omission[]s, or neglect" that "aris[e] out of the course of medical, surgical or other professional services." "'[M]edical or professional services' . . . include all aspects of medical evaluation, treatment, and care that involve the application of special skill or knowledge." *Wolfe v. Delta Discount Drugs, Inc.*, 291 So. 3d 339, 342 (Miss. 2020) (quoting

*Crosthwait v. S. Health Corp. of Hous.*, 94 So. 3d 1070, 1074 (Miss. 2012)). That is precisely what Count VI alleges.

Third, even assuming Plaintiffs pleaded a state-law claim for deliberate indifference, they offer no authority suggesting that Mississippi recognizes such a claim (other than § 1983 claims heard in state court). For these reasons, the Court finds that section 15-1-36(2) applies to Count VI.

That holding has two consequences. First, Camper says that the section entitles her to pre-suit notice, which Plaintiffs did not provide. *See* Camper Mem. [33] at 5 (citing Miss. Code Ann. § 15-1-36(15)). Plaintiffs tacitly acknowledge the lack of notice, arguing only that no notice was required because section 15-1-36 is inapplicable. Because the Court must reject that argument, it finds that Camper is entitled to dismissal of Count VI on this basis alone.

Second, MCS says the claim against it is time barred because Plaintiffs waited more than the two years section 15-1-36(2) allows to bring this suit. On this point, the parties dispute when the cause of action accrued. MCS and Camper say that Plaintiffs' wrongful-death claim is time barred because it accrued when Brown died—December 23, 2018. *See* MCS Mem. [35] at 4–5. Plaintiffs maintains that if section 15-1-36(2) applies, then the claim accrued under the discovery rule when the autopsy was released—April 26, 2021. Pls.' Mem. [46] at 5. As such, their suit, filed on May 14, 2021, was within the two-year window. Neither position is necessarily correct.

Section 15-1-36(2) starts the limitations period from "the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." That might not always be the date a death occurs as Defendants suggest. But nor would the final autopsy report necessarily trigger accrual. *See Caves*, 991 So. 2d at 155 n.18 (rejecting position

"that—as a matter of law—the statute of limitations did not begin to run until Mrs. Caves received the autopsy report").

Ultimately, this is a case-specific fact question, and the accrual date could fall somewhere between the parties' two extremes. *See id.* at 155. But to grant dismissal under Rule 12(c), the Court must find "it is evident from the plaintiff[s'] pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). It is not evident from the Amended Complaint that Plaintiffs knew or should have known—more than two years before filing—that negligence caused Brown's death. Accordingly, dismissal is not warranted under Rule 12(c) as to the claim against MCS.

B. Federal Claims Against MCS and Camper

In Count I, Plaintiffs accuse MCS and Camper of conspiring to violate Brown's Eighth Amendment right to be free of cruel and unusual punishment. That cause of action is rooted in 42 U.S.C. § 1983, which requires plaintiffs to demonstrate "(i) deprivation of a federal right; [by] (ii) action under color of state law." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). *See generally Gomez v. Galman*, 18 F.4th 769, 775–76 (5th Cir. 2021) (per curiam). MCS and Camper seek judgment on the pleadings as to Count I, which appears to be the only federal claim against these Defendants.[2]

Eighth Amendment claims "have objective and subjective components. The deprivation alleged must be 'objectively, sufficiently serious,' and the . . . official sued must have a sufficiently culpable state of mind—that is, the official must have been deliberately indifferent to

---

[2] Count V also asserts a cause of action under § 1983, but it is directed toward "the individually-named Defendants" who acted as "supervisors" and gives as an example "Defendant Sheriff Tucker." Am. Compl. [3] ¶ 45. It is not apparent that Count V includes MCS or Camper. If it is directed to either, then the averments are too conclusory to withstand a Rule 12(c) motion. *Gentilello*, 627 F.3d at 544.

the prisoner's health and safety." *Rogers v. Boatright*, 709 F.3d 403, 407–08 (5th Cir. 2013) (quoting *Palmer v. Johnson*, 193 F.3d 346, 351–52 (5th Cir. 1999)).

MCS and Camper say their alleged conduct falls short of that standard because a mere misdiagnosis is insufficient—as a matter of law—to show deliberate indifference. *See* Camper's Mem. [33] at 6; MCS's Reply [48] at 5–6. True enough, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with her medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). But plaintiffs can satisfy the deliberate-indifference test by showing "officials 'refused to treat . . . , ignored . . . complaints, intentionally treated . . . incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Gobert*, 463 F.3d at 346).

Defendants' primary authorities for its misdiagnosis argument arose under Rule 56, whereas Plaintiffs' case is before the Court under Rule 12(c). Review is therefore confined to the pleadings, which do not suggest that Brown was simply misdiagnosed. Rather, Plaintiffs allege that Defendants ignored Brown when they made *no* effort to diagnosis her condition and "left [her] in a holding cell that had no medical equipment or trained medical person[ne]l." Am. Compl. [3] ¶ 16. Plaintiffs further contend that Brown "requested medical attention multiple times" and that Defendants effectively "ignore[d]" these pleas. *Id.* ¶¶ 17, 19. As noted, the Rule 12(c) standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (quoting *Twombly*, 550 U.S. at 556). Plaintiffs meet that test as to deliberate

indifference. And because Camper offers no other viable arguments on this claim, her motion is denied.

Although MCS's arguments for judgment largely track Camper's, the two are not similarly situated. MCS was Camper's employer and correctly notes "supervisors may not be held vicariously liable for alleged unconstitutional actions of subordinates." MCS's Mem. [35] at 6 (citing *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). Plaintiffs never respond to this argument, and it does not appear that they plausibly pleaded a claim against MCS for alleged constitutional violations. At most, they seem to assert vicarious liability, which is not a viable theory of recovery under § 1983. *See Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019) ("[V]icarious liability doesn't apply to *Bivens* and § 1983 suits.").

That said,

> [A] . . . failure to meet the specific pleading requirements should not automatically or inflexib[l]y result in dismissal of the complaint with prejudice to re-filing . . . . Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.

*Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). Plaintiffs have never received an opportunity to correct their pleadings as to MCS, so it is not yet apparent that those attempts would be futile. Accordingly, while the Court finds that MCS's motion should be granted as to Count I, Plaintiffs will be given an opportunity to file a proper motion to amend.

III. Motion for Summary Judgment

Plaintiffs assert both state- and federal-law claims against Sheriff Tucker in his individual and official capacities. Tucker moves for summary judgment under Rule 56 as to all claims, primarily asserting that the Mississippi Tort Claims Act (MTCA) bars Plaintiffs' state-law claims

and qualified immunity bars the § 1983 claims. Plaintiffs respond to some of this but also assert that Tucker's motion is premature and should be denied until they conduct discovery. As explained next, the Court will rule on the low-hanging fruit but directs Plaintiffs to file a properly supported motion under Rule 56(d).

A. Rule 56 Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion[] and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). It must "interpret all facts and draw all reasonable inferences in favor of the nonmovant." *EEOC v. Rite Way Serv.*, 819 F.3d 235, 239 (5th Cir. 2016); *accord Tolan v.*

*Cotton*, 572 U.S. 650, 660 (2014) (per curiam). But conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)); *accord Little*, 37 F.3d at 1075.

B. Analysis

1. State-Law Claims & MTCA Immunity

"[T]he MTCA waives immunity for claims for money damages arising out of the torts of government entities and employees while acting within the course and scope of their employment to the extent set forth in the MTCA." *Covington Cnty. Sch. Dist. v. Magee*, 29 So. 3d 1, 4 (Miss. 2010). This is "the exclusive remedy against a governmental entity or its employees" under Mississippi law. *Id.* (citing Miss. Code Ann. § 11-46-7). But the waiver of immunity is subject to exceptions, including the so-called "inmate exception," which states:

> (1) A governmental entity and its employees acting within the course and scope of their employment shall not be liable for any claim:
> . . . .
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center . . . .

Miss. Code. Ann. § 11-46-9(1)(m). When applicable, this section also bars claims brought by survivors. *Carter v. Miss. Dep't of Corrs.*, 860 So. 2d 1187, 1193 (Miss. 2003) (en banc).

As Sheriff Tucker correctly argues, Brown was an inmate when the alleged tort occurred. *See Liggans v. Coahoma Cnty. Sheriff's Dep't*, 823 So. 2d 1152, 1155 (Miss. 2002) (en banc) (holding that pre-trial detainees are "inmates" under section 11-46-9(1)(m)). And there is no apparent reason why the inmate exception should not apply. Indeed, Plaintiffs address neither the exception nor their state-law claims. "A plaintiff abandons claims when [she] fails to address

the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 569 (5th Cir. 2022); *accord Alexander v. Brookhaven Sch. Dist.*, Civ. No. 3:07-CV-640-DPJ-JCS, 2009 WL 224902, at *4 (S.D. Miss. Jan. 28, 2009). As such, judgment for Tucker on the state-law claims is appropriate.[3]

2. Federal Claims

a. Official-Capacity Claims

Plaintiffs assert the same claims against Tucker as they do against his employer, Madison County. Tucker says these claims merely duplicate each other, and therefore the official-capacity claims against him should be dismissed. He is correct.

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Conversely, official-capacity suits are "only another way of pleading an action against an entity of which an officer is an agent." *Id.* "[T]he real party in interest in an official-capacity suit is the governmental entity and *not* the named official . . . ." *Id.* (emphasis added). Official-capacity claims against the named official that mirror claims against the governmental entity are duplicative and can, accordingly, be dismissed. *See Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020) (holding district court was correct to "dismiss[] the official capacity claim as duplicative of the claim against [the municipality]"); *accord Hill v. Madison County*, No. 3:19-CV-127-DPJ-FKB, 2020 WL 5235667, at *6 (S.D. Miss. Sept. 2, 2020) (dismissing official-capacity claims that duplicated claims against county). Because Plaintiffs' claims against Tucker

[3] As discussed next, Plaintiffs contend that Tucker's summary-judgment motion is premature because no discovery has occurred. But they do not link that position to their state-law claims, and the discovery they seek would not address the inmate exception.

in his official capacity merely duplicate their claims against Madison County, the official-capacity claims are dismissed.

b. Individual-Capacity Claims

Tucker asserts qualified immunity as to the individual-capacity claims he faces, urging the Court to dismiss those claims under Rule 56(a). But Plaintiffs argue that summary judgment is premature because no discovery has occurred. Though they never mention Rule 56(d) by name, their response presumably invokes the following procedure:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

To successfully utilize Rule 56(d), the non-moving party

> "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Instead, the non-moving party must "set forth a *plausible basis* for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."

*Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam) (emphasis added) (citations omitted) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)); *accord Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

Tucker says in reply that Plaintiffs may not seek discovery related to his qualified-immunity defense without first filing a motion under Local Rule16(b)(3)(B). Tucker's Reply [55] at 3. He further argues that Plaintiffs have not met their burden under Rule 56(c). Tucker may be right, but his dispositive motion should be decided based on the merits rather than a local rule violation. *See* Fed. R. Civ. P. 1 (listing, among goals of the civil rules, "just" determination of the action). Moreover, Rule 56(e)(4) allows the Court to issue "any other appropriate order" should a party fail to properly support an assertion of fact.

Accordingly, within 14 days from the entry of this order, Plaintiffs must file a proper Rule 56(d) motion. That motion, and supporting declaration, should explain whether a pattern of abuses would be plausibly revealed by additional discovery and address the deficiencies suggested in Tucker's Reply [55]. Plaintiffs' motion will trigger the normal response/reply deadlines. *See generally* L.U. Civ. R. 7(b)(4).[4]

IV. Motion to Substitute

In the Amended Complaint, Plaintiffs identify a defendant named "Nurse Manager 'Jane' Joiner." Am. Compl. [3] ¶ 5. They now explain that they have "learned the full name . . . for Nurse Manager Joiner," which is Nurse Manager Mary Lee Joiner. Mot. [26] ¶ 3. They therefore wish to amend the Amended Complaint to substitute Mary Lee Joiner for "'Jane' Joiner." *Id.* ¶ 8. MCS, the putative defendant's employer, opposes the Motion. MCS's Resp. [30].

A. Standard

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires." "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, [futility,] or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial [of leave to amend]." *Petty v. Great W. Cas. Co.*, 783 F. App'x 414, 414–15 (5th Cir. 2019) (per curiam) (quoting *Martins Herend Imps. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

[4] The Court might not take this approach in other cases, but, here, the records reflect that Plaintiffs may have a plausible argument for discovery. Whether the Court will ultimately grant discovery will be decided on the full motion.

B. Analysis

MCS objects on two grounds: First, it says the nurse who treated Brown was "'M. *Joyner*,' not Mary Lee *Joiner*." MCS's Opp'n Mem. [31] at 3 (emphasis added). Second, MCS argues that the claims Plaintiffs would assert against Joiner/Joyner are futile, for essentially the same reasons it argued in its Motion for Judgment on the Pleadings. *Id.* at 6–7. Because Plaintiffs admit that they misspelled Joyner's name in their Motion to Substitute, that motion is denied without prejudice.

V. Conclusion

The Court has considered all arguments; those not addressed would not change this result. For the foregoing reasons, Camper's Motion for Judgment on the Pleadings [32] is granted in part (as to the state-law claims) and denied in part (as to the federal-law claim). MCS's Motion for Judgment on the Pleadings is granted in part (as to Count VI and the § 1983 claims) and denied in part (as to all other claims). If Plaintiffs wish to file a motion to amend as to the § 1983 claims against MCS, they must file a proper motion within 14 days of this Order. Tucker's Motion for Summary Judgment [38] is granted in part (as to the state-law claims and official-capacity claims) and otherwise taken under advisement. Plaintiffs must file a proper motion under Rule 56(d) within 14 days of this Order. Finally, Plaintiffs' Motion to Substitute [26] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE