UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARGARET M. JOHNSON, *INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF LANEKIA BROWN, DECEASED, AND THE ESTATE OF LANEKIA BROWN*                                            PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:21-CV-335-DPJ-FKB

MADISON COUNTY, ET AL.                                                      DEFENDANTS

ORDER

Defendant Randy Tucker, Sheriff of Madison County, Mississippi, moved for summary judgment—based on qualified immunity—before discovery was allowed; Plaintiffs filed a motion seeking discovery under Federal Rule of Civil Procedure 56(d).  The Court finds that limited discovery should be permitted and instructs the parties to set a discovery conference with United States Magistrate Judge F. Keith Ball.  Plaintiffs' Rule 56(d) motion [63] is granted; Tucker's summary-judgment motion [38] is denied without prejudice to refiling.

I.      Background

Lanekia Brown died of medical complications while detained at the Madison County Detention Center ("MCDC").  Plaintiff Margaret M. Johnson, individually and on behalf of all wrongful-death beneficiaries and the Estate of Lanekia Brown, filed this suit contending that those charged with Brown's care failed to make any meaningful response to her medical complaints.

On February 18, 2022, Sheriff Tucker moved for summary judgment based on qualified immunity; the discovery period had not yet opened.  To support his motion, Sheriff Tucker initially submitted a four-page, fact-based declaration and attached exhibits totaling 105 pages.  *See* Tucker Decl. [38-1].  He later submitted a second declaration in response to Plaintiffs'

motion. In his first, Tucker states that he is "familiar with the incident involving Laneika [sic] Brown . . . although [he] was not physically present" when it occurred. *Id.* ¶ 2. He further says the officers followed standard operating procedures, *id.* ¶ 13, and there "has never existed any long-standing pattern or practice at the MCDC of the denial of medical care," *id.* ¶ 14.

Plaintiffs attempted to respond to the Rule 56 motion but first argued that it was premature. *See* Pl.'s Mem. [50] at 4. According to them, Tucker holds exclusive custody of the information needed to determine whether he is entitled to qualified immunity. *Id.* (citing *Phongsavane v. Potter*, No. 05-CA-0219, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005)); *accord Whitfield v. Miss. Bureau of Narcotics*, No. 3:17-CV-987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019). But because Plaintiffs failed to file a separate motion for discovery, the Court deferred ruling on the summary-judgment motion and granted Plaintiffs an opportunity to properly seek relief under Rule 56(d). *See* Order [57] at 16. Plaintiffs complied [63], and Sheriff Tucker responded in opposition [70].

II.   Standards

> Rule 56(d) states:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

"Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted). But to successfully utilize the rule, the party seeking discovery

> "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Instead, the non-moving party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a

> reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."

*Id.* (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (other citations omitted); *accord Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017).

II.     Analysis

    A.     Whether Discovery Should Be Allowed

Under most circumstances, Plaintiffs' prayer for discovery would be easily granted. Summary judgment is generally appropriate "after adequate time for discovery . . . against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Sherriff Tucker moved for summary judgment before the discovery period opened, and Plaintiffs have otherwise met Rule 56(d)'s procedural requirements. What complicates the motion is the nature of Sheriff Tucker's defense.

As noted, Sheriff Tucker asserts qualified immunity. "A government official is entitled to [qualified immunity] unless a plaintiff establishes 'that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation.'" *Hutcheson v. Dallas County*, 994 F.3d 477, 480 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 564 (2021) (quoting *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016)).

Notably, "qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (internal quotation marks omitted). Thus, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

3

In *Hutcheson*, the Fifth Circuit outlined the framework for addressing a demand for discovery when responding to a qualified-immunity-based motion for summary judgment. 994 F.3d at 479.

> In QI cases, we use a two-step procedure "under which a district court may defer its QI ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). First, the court determines whether *the pleadings* "assert facts which, if true, would overcome the defense of QI." *Id.* (internal quotations omitted). Second, if the pleadings assert such facts, the district court issues a narrowly tailored discovery order "to uncover only those facts needed to rule on the immunity claim." *Id.* (internal quotations omitted). We review for abuse of discretion the decision whether to permit limited discovery on QI. *Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015).

*Id.* at 481 (brackets removed).

Although the defendant in *Hutcheson* first sought dismissal, the court converted the motion to one under Rule 56. *Id.* at 479. The appellate court therefore considered the discovery request in the summary-judgment context. *Id.* But when crafting its analysis, the court relied on cases that allowed deferment of the qualified-immunity ruling at the motion-to-dismiss stage. *See id.* (citing *Backe*, 691 F.3d at 648).

Those case are no longer valid. In *Carswell v. Camp*, the Fifth Circuit held: "When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion." 37 F.4th 1062, 1067 (5th Cir. 2022) (overruling *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) and its progeny). Thus, district courts must now either grant or deny qualified immunity when raised in a motion to dismiss; if denied, then discovery presumably moves forward. Sheriff Tucker relies on *Carswell*, but *Carswell* addressed "qualified immunity *in a motion to dismiss*." *Id.* (emphasis added). That didn't happen here.

In candor, *Carswell* is too new to know whether it will impact discovery requests at the summary-judgment stage; so far, only one district court has considered that question. In *Cobbins*

4

*v. Graham*, the district court recognized that *Carswell* precludes deferring the qualified-immunity defense when raised in a motion to dismiss. No. CV 21-155-JWD-EWD, 2022 WL 2663852, at *2 (M.D. La. July 11, 2022). But the court concluded that *Carswell* "does not end the inquiry [ ] where the defense is asserted via summary judgment so that evidence outside the original pleadings may be considered." *Id.* Although the *Cobbins* court denied discovery on the facts presented, it noted: "This is not to say that every case in which a defendant elects to assert qualified immunity through a summary judgment motion which requests consideration of evidence outside the pleadings should warrant a stay of discovery." *Id.* at *3.

Like the court in *Cobbins*, this Court will not extend the *Carswell* prohibition against deferring the qualified-immunity ruling to the summary-judgment context. First, the *Carswell* court expressly stated that the holding applied when the defendant moved to dismiss. *Carswell*, 37 F.4th at 1067. Second, the court primarily based its holding on cases construing the right to qualified immunity at the initial pleading stage. *Id.* at 1066–67 (examining *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Third, because *Carswell* arose in the motion-to-dismiss context, it never examined the interplay between a qualified-immunity-based motion for summary judgment and Rule 56(d)—which allows deferment. Fourth, the standards under Rule 12(b)(6) and Rule 56 are completely different. Under Rule 12(b)(6), review is limited to the pleadings, the plaintiff's factual averments are taken as true, and the plaintiff must merely allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary claims or elements. *Twombly*, 550 U.S. at 556. Under Rule 56, the court considers competent record evidence, and the plaintiff must show that no material dispute exists. *Celotex*, 477 U.S. at 324.

In addition, *Carswell* states: "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." 37 F.4th at 1067 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). True, but *Mitchell* also looked past the pleading stage and recognized that "[e]ven if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment *if discovery fails* to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." 472 U.S. at 526 (emphasis added) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)). Thus, the Supreme Court contemplated discovery before summary judgment where the pleadings were adequate.

Here, the pleadings were never challenged. Instead, Sheriff Tucker has offered two sworn declarations and 105 other pages of documents to support his motion. The declarations seek to establish—as a factual matter—that Brown's constitutional rights were not violated. Tucker thereby invited Plaintiffs—and the Court—to "go beyond the pleadings" and consider his evidence, yet he argues that Plaintiffs are entitled to no discovery regarding the validity of that evidence. *Celotex*, 477 U.S. at 324.

Several district courts have rejected that position, holding that plaintiffs seeking discovery under Rule 56(d) should be allowed to test the defendant's summary-judgment evidence. *See Converse v. City of Kemah*, No. 3:15-CV-00105, 2021 WL 5811726, at *3 (S.D. Tex. Dec. 7, 2021) ("By introducing their own testimony regarding their subjective knowledge and intent, Defendants have opened the door for Plaintiffs to test that testimony by deposition.") (citing *Davis v. Kirkham*, No. 4:20-CV-74-DMB-JMV, 2021 WL 4392077, at *2–5 (N.D. Miss. Sept. 24, 2021) (allowing plaintiff to depose defendants regarding information in declarations

they submitted to support qualified-immunity-based motion for summary judgment); *Wilfong v. Hord*, No. CS-05-746, 2007 WL 1057396, at *2 (S.D. Ohio Apr. 4, 2007) (same)).  This seems especially fitting when the defendant alone possesses information upon which he or she premises the summary-judgment motion.

While the Court recognizes the need for qualified immunity and anticipates that the post-*Carswell* analysis will be further examined, it concludes that Rule 56(d) remains a viable procedural tool that allows deferment when a defendant raises qualified immunity in a summary-judgment motion and supports it with record evidence.  *See Cobbins*, 2022 WL 2663852, at *3.  Thus, the Court declines to expand the *Carswell* ban on deferring a qualified-immunity ruling to the Rule 56 context.

The next question is what the Court may consider when deciding whether Plaintiffs have said enough to obtain discovery on qualified immunity.  *Hutcheson* arose in the Rule 56(d) context and instructed courts to consider whether the "pleadings" said enough to overcome qualified immunity.  994 F.3d at 481; *see also Mitchell*, 472 U.S. at 526.  If *Hutcheson* intended to use the term "pleadings" as defined in Federal Rule of Civil Procedure 7(a), then that would exclude record evidence and limit courts to the scope of review under Rule12(b)(6).  *Carswell* is consistent with that approach, though in the motion-to-dismiss context.

On the other hand, *Cobbins* considered the summary-judgment record in combination with the plaintiff's complaint.  And the Fifth Circuit took the same approach in *Hinojosa v. Johnson*, a non-binding unpublished opinion.  277 F. App'x 370, 377 (5th Cir. 2008).  There, the court noted that the evidence was insufficient to create a material dispute but that "Hinojosa's requested discovery may very well provide enough evidence to overcome Defendants' summary judgment motion."  *Id.*

There is no need to answer the scope-of-review question today because it would not matter. First, Sheriff Tucker likely opened the door to limited discovery. *See Converse*, 2021 WL 5811726, at *3. In addition, his declarations raise fact questions that—in fairness—Plaintiffs should be able to explore. For example, Tucker never denies involvement in the relevant decisions, and he acknowledges: "I am familiar with the incident involving Laneika [sic] Brown. Tucker Decl. [38-1] ¶ 2. That could mean he knew what was happening when it happened or that he learned about it later. Regardless, Plaintiffs should be allowed to discover what he meant before responding to summary judgment. *See Hinojosa*, 277 F. App'x at 377 (noting that defendants' declarations raised issues that plaintiffs should be allowed to explore).

Second, even assuming Tucker did not open the door to discovery and the Court must stick to the pleadings, Plaintiffs have noted that seven months before Brown's death, another inmate died at the same facility while under medical care. While that incident is not mentioned in the complaint, the resulting civil case was filed in this Court, *see Hill v. Madison County*, 3:19-CV-127-DPJ-FKB, and the Court can take judicial notice of its own docket under Rule 12(b)(6) standards, *Hoggatt v. Allstate Ins.*, No. 1:19-CV-14-MPM-DAS, 2019 WL 3892423, at *4 (N.D. Miss. Aug. 19, 2019), *aff'd sub nom. Hoggatt v. Allstate Ins. By Dyson*, 849 F. App'x 74 (5th Cir. 2021). Thus, whether under Rule 12(b)(6) or Rule 56 review, the Court can consider this evidence. Plus, Tucker's second declaration acknowledges a third death. Tucker Decl. [69-1] ¶ 2. Plaintiffs are entitled to limited discovery regarding Sheriff Tucker's qualified-immunity defense. Plaintiffs' motion [63] is granted.

B.   The Scope of Discovery

Although the Court will allow discovery, Plaintiffs seek too much. "[I]f the pleadings assert [facts which, if true, would overcome the qualified immunity defense], the district court

8

issues a narrowly tailored discovery order 'to uncover only those facts needed to rule on the immunity claim.'" *Hutcheson*, 994 F.3d at 481 (quoting *Backe*, 691 F.3d at 648).

Here, Plaintiffs seek ten depositions and eleven categories of documents (none of which are limited in time, and all of which encompass numerous subparts). The law does not envision such sweeping discovery on the qualified-immunity issue. That said, the qualified-immunity discovery might overlap other discovery. Accordingly, the parties are instructed to contact Judge Ball to reschedule the discovery conference that was previously continued; Judge Ball should likewise adopt reasonable deadlines.

IV.     Conclusion

The Court has considered all arguments; those not addressed would not alter the results. And for the reasons stated, Plaintiffs' motion for discovery [63] is granted, and the parties are instructed to set a discovery conference with Judge Ball. Finally, under Federal Rule of Civil Procedure 56(d)(1), the Court denies Sheriff Tucker's motion for summary judgment [38] without prejudice to refiling.

**SO ORDERED AND ADJUDGED** this the 8th day of September, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE